IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REBEKAH REYES, | * | |
| Plaintiff, | * | Civil Action No. RDB-17-2253 |
| v. | * | |
| REBECCA NORRIS, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM ORDER

Plaintiff Rebekah Reyes ("Plaintiff" or "Reyes") brings this action against *pro se* Defendant Rebecca Norris ("Norris") and Defendant Appalachian Wellness Center, LLC (the "Center")[1] (collectively, "Defendants"), alleging violations of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL") and the Internal Revenue Code, 26 U.S.C. § 7434. (ECF No. 1.) Currently pending before this Court is Defendant Norris' Motion to Dismiss and Answer to the Complaint. (ECF No. 5.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant Norris' Motion to Dismiss (ECF No. 5) is DENIED.

Plaintiff Reyes worked for the Defendants Norris and the Center from around December 14, 2015 through November 28, 2016. (ECF No. 1 at ¶ 7.) The Center is a mental health facility that provides psychotherapy, counseling and related services. (*Id.* at ¶ 3.) Throughout Reyes' employment, she asserts that Norris had the power to fire, hire, suspend

---

[1] On October 4, 2017, a Clerk's Entry of Default was entered against Appalachian Wellness Center, LLC. (ECF No. 8.)

1

or discipline her, set and control her work schedule, set and determine her rate and method of pay, and controlled and was in charge of the Center's day-to-day operations. (*Id.* at ¶ 6.) Defendants agreed to pay Plaintiff every two weeks and an annual salary of $95,000.00. (*Id.* at ¶ 8.) Plaintiff asserts that without justification or excuse, Plaintiff was never paid for the last week and one hour she worked. (*Id.* at ¶ 9.) Additionally, Defendants knowingly and willfully issued her an IRS Form 1099, a form for independent contractors, rather than an IRS Form W-2, a form for employees. (*Id.* at ¶¶ 16-17.) On September 6, 2017, Defendant Norris filed a *pro se* Motion to Dismiss and Answer to the Complaint. (ECF No. 5.)

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to Rule 8(a)(2)'s pleading requirements, which provide that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Defendant Norris filed a *pro se* Motion to Dismiss, which is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (citation omitted)).

Plaintiff Reyes brings two claims against the Defendants. First, she asserts that without justification or excuse she was never paid for the last week and one hour she worked, in violation of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL") (Count I). Second, she claims that Defendants knowingly and willingly gave her the wrong IRS Form, in violation of the Internal Revenue Code, 26 U.S.C. § 7434 (Count II). Although labeled as a Motion to Dismiss, Defendant Norris' *pro se* Motion to Dismiss and Answer to the Complaint is solely an Answer to the Complaint. Rather than making legal argument for why this Court, accepting as true the facts alleged in Plaintiff's Complaint as required by *Twombly* and *Iqbal*, should dismiss the Complaint, Norris denies many of the Complaint's allegations. Specifically, she asserts that Plaintiff was not paid for the last week and hour that she worked because Plaintiff in fact owed Defendant $3,750 at the time, and further that Plaintiff was a subcontractor rather than an employee.

At the motion to dismiss stage, this Court must accept as true all of the Complaint's factual allegations. Given that Defendant Norris' Motion only challenges the Complaint's factual assertions rather than arguing that Plaintiff has failed to state a claim upon which relief can be granted under the MWPCL or Internal Revenue Code, it IT IS HEREBY ORDERED this 19th day of March, 2018, that Defendant's Motion (ECF No. 5) is DENIED; and it is HEREBY FURTHER ORDERED that the Clerk of the Court transmit a copy of this Memorandum Order to the Parties and Counsel of record.

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge